UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION

LISA TAYLOR

    Plaintiff,

vs.

JOHNSON CONTROLS BATTERY GROUP, INC.

and

WAL-MART STORE, INC.

    Defendant(s)

Case Number:

13-14051-CIV-MARTINEZ-LYNCH

FILED by _____ D.C.

OCT 15 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## MOTION TO COMPEL DEFENDANT, WAL-MART, INC. TO FURNISH MORE DEFINITE ANSWERS AND STATEMENTS TO AMENDED COMPLAINT AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW, Plaintiff, LISA TAYLOR, *pro se litigant,* and respectfully prays to the Court to Compel Defendant Wal-Mart, Inc. (Wal-Mart) to provide more definite answers and statements to the Amended Complaint [DE27] dated May 06, 2013 and for the Court to Strike particular Affirmative Defenses of the Defendant, Wal-Mart. Under Federal Rule of Civil Procedure 12(f), a plaintiff may move to strike "any insufficient defense" within 20 days after the service of that answer. Plaintiff is filing this Motion to Compel and Motion to Strike within

the time allowed.

On May 06, 2013 Plaintiff filed an Amended Complaint in the above referenced cause. Wal-Mart filed a Motion to Dismiss and Motion to Strike [DE 29], which was ruled upon and Denied on September 26, 2013 [DE 43], no objections were made surrounding the ruling, thereby warranting answers from Wal-Mart.

Wal-Mart filed answers on October 7, 2013 [DE 45] which were the exact answers filed to the original Complaint in this cause on February 17, 2013 [DE 15]. Plaintiff believed this to be an oversight on the behalf of Wal-Mart and scheduled a phone conference with opposing counsel, Michael Drahos, on October 11, 2013 to bring the issue to his attention, in order to offer a chance of correction.

On October 11, 2013 a new set of answers [DE 46] were provided to the Amended Complaint in this cause. Although, Wal-Mart provided a new set of answers, the responses are a "boilerplate" response with no true relevance to the counts of the Amended Complaint.

Plaintiff extended courtesy to Wal-Mart to properly file responses and defenses, assuming a mere oversight on the behalf of Wal-Mart. However, Wal-Mart instead offered a riddling of "boilerplate" answers and defenses a second time, disregarding the opportunity to properly execute Answers to the Amended

Complaint.

Wal-Mart possesses knowledge, facts, and information readily available to complete conscious, truthful, complete answers. In the event, Wal-Mart did not render a mass denial, honestly denying all contents of the Paragraphs denied to, Plaintiff shall accept these denials as true and concise, as being on record, without Wal-Mart having the recourse at a later time to render these denials an error.

Plaintiff hereby prays to this Court for more definite statements and admittances as follows:

- Wal-Mart denies the existence of the John Doe1 and John Doe2 employees, as described in paragraph 4 of the Complaint, however, both persons have been listed on Wal-Mart's witness list.

- Wal-Mart states the allegations of paragraph 7 "do not appear to be directed at this Defendant", however this is incorrect. Wal-Mart further denies the allegation even though Wal-Mart possesses knowledge of the contents of the allegations within this paragraph.

- Wal-Mart denies the contents of paragraph 8 of the Complaint, however, Wal-Mart has been afforded proof of the contents of this paragraph, entered into evidence at a deposition taken on September 19, 2013.

- Wal-Mart again denies knowledge of their employees, John Doe1 and John

Doe2 on paragraph 27 of the Complaint, even though Wal-Mart possesses knowledge of the employees and if they were acting as described in the paragraph.

- Wal-Mart denies the tort law listed in Paragraph 29 of the Complaint.

- Wal-Mart again denies knowledge of their employees, John Doe1 and John Doe 2 on paragraph 30 of the Complaint, even though Wal-Mart possesses knowledge of the employees and if they were acting as described in the paragraph.

- Wal-Mart denies the facts surrounding the tort law of Vicarious Liability as it pertains to the Employer/Employee relationship as described in Paragraph 31 of the Complaint.

- Wal-Mart denies all contents of Paragraphs 36-41 of the Complaint. Unless spoliation of evidence has occurred at the hands of Wal-Mart, their own videotaped surveillance depicts the actions stated within these paragraphs. If spoliation has occurred then Wal-Mart should so state for the record and allow Plaintiff the ability to recover all damages under this cause, due to spoliation.

- Wal-Mart denies the contents of Paragraph 42 of the Complaint, even though Wal-Mart has the details in their possession, as it was entered into

exhibit during a deposition on September 19, 2013.

- Wal-Mart denies all contents of Paragraphs 43-56 of the Complaint. Unless spoliation of evidence has occurred at the hands of Wal-Mart, their own videotaped surveillance depicts the actions stated within these paragraphs. If spoliation has occurred then Wal-Mart should so state for the record and allow Plaintiff the ability to recover all damages under this cause, due to spoliation.

- Wal-Mart denies all contents of Paragraph 59 of the Complaint. Unless spoliation of evidence has occurred at the hands of Wal-Mart, their own videotaped surveillance depicts the actions stated within these paragraphs. If spoliation has occurred then Wal-Mart should so state for the record and allow Plaintiff the ability to recover all damages under this cause, due to spoliation.

- Wal-Mart denies all contents of Paragraph 76 of the Complaint. Unless spoliation of evidence has occurred at the hands of Wal-Mart, their own videotaped surveillance depicts the actions stated within these paragraphs. If spoliation has occurred then Wal-Mart should so state for the record and allow Plaintiff the ability to recover all damages under this cause, due to spoliation.

*Whereby*, Plaintiff prays to this Court to force Wal-Mart to properly answer, with complete, honest, non-elusive, and definite answers to the above referenced Paragraphs of the Complaint. Further, Wal-Mart denies knowledge that should be readily available to them through their own videotaped surveillance evidence and if Wal-Mart has not preserved this evidence, Plaintiff shall be afforded all entitlements under this cause, on the grounds of spoliation, as applicable under the Federal Rules of Civil Procedure.

Furthermore, Plaintiff, prays to this Court to force Wal-Mart to furnish more definite statements surrounding the allegations in their affirmative defenses and striking of the affirmative defenses referred to the complaint and labeled A., D., E., G., L., M., N., O., R., and S under the following causes of action:

## Wal-Mart's Affirmative Defense A:

**The complaint fails to state a cause of action against Defendant upon which relief may be granted.**
*Wal-Mart filed a Motion to Dismiss and Motion to Strike on this defense previously and Motion was denied. Whereby, Plaintiff moves to have this defense stricken from the answer.*

## Wal-Mart's Affirmative Defense D:

**Defendant states that the injuries and damages alleged were the result, in whole or part, or by the actions/fault of third parties, over whom or which this Defendant had no dominion or control, including but not limited to, Darrel Taylor, and that such party/parties was/were the legal cause of all or part of the damages suffered by Plaintiff, and to whom this Defendant demands an apportionment under the *Fabre v. Martin* doctrine and §768.81(3), Florida Statutes. This Defendant may not be subjected to a judgment for more than its pro rata share of the overall liability, if any. This Defendant also reserves the right to amend its affirmative defenses to identify culpable non-parties based on future**

discovery.
    *Plaintiff moves for a more definite statement to the allegations rendered within this defense. This statement is a mere overbroad, random allegation with no supporting documentation, cause of action, proof, or applicable tort under Florida law. Wal-Mart has not filed a cross complaint or other causes to include any other entity whom may or may not have been involved in any injury to Plaintiff. Thereby, Plaintiff moves for a more definite statement to this defense or have the defense stricken from the answers.*

## Wal-Mart's Affirmative Defense E:

**Defendant states that the injuries and damages alleged were the result, in whole or part, of the fault of third parties, over whom or which Defendant had no dominion or control, including but not limited to, Darrel Taylor, and the Plaintiffs are thus barred from any recovery against Defendant on the basis of absence of any legal, proximate causation. This Defendant also reserves the right to amend its affirmative defenses to identify additional culpable non-parties based on future discovery.**

    *Plaintiff moves for a more definite statement to the allegations rendered within this defense. This statement is a mere overbroad, random allegation with no supporting documentation, cause of action, proof, or applicable tort under Florida law. Wal-Mart has not filed a cross complaint or other causes to include any other entity whom may or may not have been involved in any injury to Plaintiff. Thereby, Plaintiff moves for a more definite statement to this defense or have the defense stricken from the answers.*

## Wal-Mart's Affirmative Defense G:

**Plaintiff's claim is barred, in whole or part, by the applicable statute of limitations.**
    *Plaintiff moves to have this defense stricken from the answers as any issue concerning a statute of limitation have not been raised by Wal-Mart, has never been addressed in any Motion to Dismiss and thereby is not relevant and applicable to this cause.*

## Wal-Mart's Affirmative Defense L:

**The Plaintiff failed to mitigate her alleged damages.**
    *Wal-Mart previously filed a Motion to Dismiss for failure to state a claim and was denied. Thereby, this defense should be stricken from the answers.*

## Wal-Mart's Affirmative Defense M:

**The Plaintiff assumed the risk.**
    *Plaintiff moves for a more definite statement to this allegation or to have the defense stricken from the answers. This statement is a mere overbroad, random allegation with no*

*supporting documentation, cause of action, proof, or applicable tort under Florida law.*

### Wal-Mart's Affirmative Defense N:

**The subject incident was not the proximate cause of Plaintiff's injuries and/or damages.**
*Plaintiff moves for a more definite statement to this allegation or to have the defense stricken from the answers. This statement is a mere overbroad, random allegation with no supporting documentation, cause of action, proof, or applicable tort under Florida law.*

### Wal-Mart's Affirmative Defense O:

**The subject Complaint fails to state a cause of action, as a matter of law, as against Defendant based upon tort immunity, lack of responsibility and for other reasons as prescribed for under Florida law.**
*Plaintiff moves for a more definite statement to this allegation or to have the defense stricken from the answers. Wal-Mart filed a Motion to Dismiss for failure to state a cause of action and the Motion was denied. Thereby, this defense should be stricken from the record.*

### Wal-Mart's Affirmative Defense R:

**That Defendant did not have reasonable notice of the alleged condition, if same existed, in order to cure said condition.**
*Wal-Mart did have previous knowledge of the contents of this Amended Complaint. Plaintiff attempted to negotiate an agreed upon conclusion prior to filing this Cause, and Wal-Mart denied any liability whatever, instead directing any and all claims for damages to the Manufacturer, Johnson Controls. Wal-Mart sent documentation proclaiming all liability lied on Johnson Controls under the agreement between the vendor and manufacturer, surrendering their right to this defense. Wal-Mart did not entertain a compromise or remedy to cure the said condition, continuing for over eighteen (18) months to forward liability to Johnson Controls. Therefore, Plaintiff prays to this Court to have this defense stricken from the answers.*

### Wal-Mart's Affirmative Defense S:

**That the injuries and/or damages that the Plaintiff allegedly incurred were brought about by an intervening, superseding, independent, and unforeseeable cause over which Defendant had no control and for which Defendant cannot be liable for damages.**
*Plaintiff moves for a more definite statement to this allegation or to have the defense stricken from the answers. This statement is a mere allegation with no supporting documentation, cause of action, proof, or applicable tort under Florida law.*

As Wal-Mart has made a conscious decision, with two separate filed

Answers to the Amended Complaint, to ignore the Federal Rules of Civil Procedure, the validity, the seriousness, and the truth of the Amended Complaint by filing "boilerplate" answers, incorrect answers, denying facts and wasting the time of the Plaintiff and this Honorable Court, Plaintiff prays to the Court to rule on her behalf.

Plaintiff offered in good faith, a chance for Wal-Mart to provide amended answers and instead Wal-Mart chose a second time to produce a "boilerplate" response to the Complaint. Wal-Mart has refused an attempt to comply in good faith with the issues of the Answers rendered, leaving Plaintiff no other possibility in lieu of praying to this Court for an Order Compelling compliance of the Federal Rules of Civil Procedure.

WHEREBY, Plaintiff prays the Court compel Wal-Mart to provide thorough, complete, honest answers to the Amended Complaint, and have stricken from the record the Affirmative Defenses referenced above.

Respectfully,

*[signature]*

LISA TAYLOR *pro se litigant*
4611 S Hwy US 1
Ft. Pierce, Fl. 34982
314-459-5610
dtflorida@live.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic media to Michael Drahos, Attorney for Defendant, @ mdrahos@fowler-white.com on this 12th day of October, 2013.

LISA TAYLOR pro se litigant
4611 S Hwy US 1
Ft. Pierce, Fl. 34982
314-459-5610

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1 (a)(3)(A), I hereby certify that Plaintiff, Lisa Taylor, has conferred with all parties and non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

*[signature]*

Lisa Taylor pro se litigant