UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LISA TAYLOR,

      Plaintiff,

v.

JOHNSON CONTROLS BATTERY GROUP,
INC. and WAL-MART, INC. a/k/a WAL-
MART SUPERCENTER STORE #3527,

      Defendant.

CASE NO. 13-14051-CIV-
MARTINEZ/LYNCH

**DEFENDANT JOHNSON CONTROLS BATTERY GROUP, INC.'S MOTION FOR
SUMMARY JUDGMENT, SUPPORTING MEMORANDUM OF LAW AND
STATEMENT OF MATERIAL FACTS**

      Defendant JOHNSON CONTROLS BATTERY GROUP, INC. ("Johnson Controls"), by

and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1,

hereby files this Motion for Summary Judgment, Supporting Memorandum of Law, and

Statement of Material Facts.  In support thereof Johnson Controls states as follows:

### I. SUMMARY OF ARGUMENT

      This is a products liability action.  Plaintiff, Lisa Taylor, alleges that a lawnmower

battery manufactured by Defendant Johnson Controls (EverStart Lawn & Garden Battery Model

#U1R-7) and sold by Defendant Wal-Mart, Inc. was "defective" because it would not "turn

over;" and after Plaintiff placed the battery in her car to return it to Wal-Mart, acidic fluid in the

battery allegedly "boiled over," causing injury. [DE 27].  Plaintiff claims that injury could have

been avoided had Johnson Controls installed a safety device  to prevent "gel electrolytes" from

spewing out. (*Id.*).  Plaintiff's claims against Johnson Controls are for strict liability design defect

(Count I), strict liability failure to warn (Count II), and products liability -- negligent design and failure to warn. (Count VI). (*Id.*).

Pursuant to a Trial Order entered by this Court on August 5, 2013, the parties were required to exchange expert witnesses summaries and reports by September 30, 2013. [DE 40]. Johnson Controls propounded an interrogatory to Plaintiff seeking the name(s) of her expert witnesses.  On September 12, 2013, Plaintiff answered Interrogatory 20 by stating that her investigation was ongoing and experts would be identified as obtained. (*See* Ex. A).  Plaintiff did not disclose any expert witnesses by September 30, 2013.  Plaintiff's witness list, filed October 15, 2013, does not disclose any expert witnesses. [DE 51].  *Plaintiff has never disclosed any expert witnesses.*

It is beyond debate that Plaintiff cannot establish any of her claims against Johnson Controls -- all of which are products liability claims -- without expert testimony.  However, it is also undisputed that Plaintiff has no expert to testify regarding the existence of a defect and causation and cannot support the essential elements of her claims.  Accordingly, there are no issues of material fact and summary judgment should be entered for Johnson Controls.  *See, e.g., Hughes v. Stryker Sales Corp.*, 2010 U.S. Dist. LEXIS 47062 (S.D. Ala. May 13, 2010) (summary judgment for defendant hip prosthesis manufacturer granted where plaintiff had no expert testimony to establish defect or causation under Alabama law), *aff'd*, 423 F. App'x 878 (11th Cir. 2011); *Guarascio v. Drake Assocs.*, 582 F. Supp. 2d 459, 463– 65 (S.D.N.Y. 2008) (granting summary judgment to defendant where plaintiff failed to provide expert testimony showing a feasible, alternative design); *McCreless v. Global Upholstery Co.*, 500 F. Supp. 2d 1350, 1358-59 (N.D. Ga. 2007)(summary judgment granted absent expert testimony on defect and causation); *Humphreys v. General Motors Corp.*, 839 F. Supp. 822, 825 (N.D. Fla.

FOWLER WHITE BURNETT P.A. • 901 PHILLIPS POINT WEST, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

1993)(summary judgment was properly granted for defendant in products liability case where plaintiff had no expert testimony to prove her claims), *aff'd*, 1995 U.S. App. LEXIS 1704 (11th Cir. 1995).

## II. STATEMENT OF MATERIAL FACTS

1.      Plaintiff claims that a lawnmower battery manufactured by Johnson Controls (EverStart Lawn & Garden Battery Model UIR-7) was "defective" because it would not "turn over;" acidic fluid in the battery "boiled over" causing injury;  injury could have been avoided had Johnson Controls installed a safety device  to prevent "gel electrolytes" from spewing out; and Johnson Controls' warning labels were inadequate. [DE 27, ¶¶ 5, 8-26, 95-106].

2.      Pursuant to the Trial Order entered by this Court on August 5, 2013, the parties were required to exchange expert witnesses summaries and reports by September 30, 2013. [DE 40].  Plaintiff did not provide Defendant with any expert witness summaries or reports. (Ex. A).

3.      Plaintiff did not disclose any expert witnesses in her answers to Johnson Controls' interrogatories. (Ex. A).

4.      Plaintiff's witness list does not disclose any expert witnesses. [DE 51].

5.      Plaintiff has not disclosed any expert witnesses.

## III. ARGUMENT

### A.  SUMMARY JUDGMENT FRAMEWORK

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The objective of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to

FOWLER WHITE BURNETT P.A. • 901 PHILLIPS POINT WEST, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992).

As the United States Supreme Court explained in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986), entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Thus, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

The court stated in *Fontenot v. Upjohn Co.*, 780 F. 2d 1190, 1195 (5th Cir. 1986), that a defendant satisfies its burden on summary judgment by showing that the record contains no evidence supporting one or more essential elements of the plaintiff's claim:

> The crucial question for the court is whether there is a "genuine issue" of fact concerning any essential element of the claim on which judgment is being sought. If the moving party can show that there is no evidence whatever to establish one or more essential elements of a claim on which the opposing party has the burden of proof, trial would be a bootless exercise, fated for an inevitable result but at continued expense for the parties, the preemption of a trial date that might have been used for other litigants waiting impatiently in the judicial queue, and a burden on the court and the taxpayers.

*See also Humphreys*, 839 F. Supp. at 825 (ruling that defendant's demonstration that the record contained no evidence supporting essential elements of the plaintiff's products liability claims was a legitimate way of demonstrating that there are no genuine issues regarding Plaintiffs' claims under strict liability and negligence.").

**B.    JOHNSON CONTROLS' MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED WITH RESPECT TO COUNTS I, II AND VI BECAUSE PLAINTIFF HAS NO EXPERT WITNESS TO ESTABLISH THE ESSENTIAL ELEMENTS OF HER PRODUCTS LIABILITY CLAIMS.**

FOWLER WHITE BURNETT P.A. • 901 PHILLIPS POINT WEST, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

All of Plaintiff's claims against Johnson Controls are products liability claims. Count I purports to state a claim for strict liability based on defective design. [DE 27, ¶¶ 8-16]. Count II purports to state a warnings claim against Johnson Controls based on allegations that the warning label affixed to the product "was in compliance with the minimum requirements of FDA labeling standards" [DE 27, ¶ 18]; notwithstanding compliance with the FDA requirements, the warning labels allegedly did not warn against "boil over" hazards, provide "transporting instructions of the battery," or provide instructions in the event of battery acid spill. [DE 27, ¶¶ 19-25]. Count VI alleges that Johnson Controls is liable under §768.81, Fla. Stat., based upon allegedly defective battery design and inadequate warnings and instructions. [*Id.*, ¶¶ 95-106].

*All of Plaintiff's claims* against Johnson Controls require proof of the existence of a defect in the subject product and proximate causation under Florida law. *See, e.g., West Caterpillar Tractor Co.*, 336 So. 2d 80, 87 (Fla. 1976). *See also Rink v. Cheminova*, 400 F.3d 1286, 1295 (11th Cir. 2005)(negligence and strict liability claims require a plaintiff to prove a defect.). It is also settled that expert testimony is necessary to establish the existence of a latent defect in a product. *See, e.g., Hall v. Sunjoy Indus. Group*, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011); *Morritt v. Stryker Corp.*, 2011 U.S. Dist. LEXIS 98218, 13 (E.D.N.Y. Sept. 1, 2011)("The showing of a feasible, alternative design is a sine qua non of plaintiffs' design defect claim, *Voss*, 59 N.Y.2d at 107, but plaintiffs failed to put forth evidence of a feasible, alternative design during discovery."); *Cooper v. Old Williamsburg Candle Corp.*, 653 F. Supp. 2d 1220, 1225 (M.D. Fla. 2009); *Alexander v. Danek Medical, Inc.*, 37 F. Supp. 2d 1346, 1349 (M.D. Fla. 1999) ("To prove a defective product, a defect must be proven by expert testimony."); *Broderick v. Danek Medical, Inc.*, No. 95-8644-CIV-RYSKAMP, 1999 U.S. Dist. LEXIS 6434 (S.D. Fla. April 9, 1999); *Humphreys*, 839 F. Supp. at 826-827, 829 (expert testimony needed to establish

manufacturing or design defect).  Similarly, "[a] claim that a warning was necessary and that the failure to warn rendered a product unreasonably dangerous and defective requires a warnings expert." *Hall*, 764 F. Supp. 2d at 1303-04.  *See also Beauregard v. Cont'l Tire N. Am., Inc.*, 695 F. Supp. 2d 1344, 1356-57 (M.D. Fla. 2010).

Plaintiff cannot establish any of her products liability claims -- defective design and/or inadequate warnings claims -- without expert testimony.  Plaintiff lacks the expert testimony needed to establish the existence of a defect in the subject lawn mower battery; that the battery was in the same condition as when it left the factory; that the battery was unreasonably dangerous and emitted harmful substances that proximately caused the Plaintiff's injuries; that a safer, alternative design was necessary and feasible; and that the warnings and/or instructions given were inadequate and did not comply with the standard of care.  These are certainly not issues within the ordinary understanding of average jurors and must be established through expert testimony.

Summary judgment should be entered for Johnson Controls because Plaintiff has not disclosed any expert testimony and cannot establish the essential elements of her claims without expert testimony.  Numerous federal courts have held that summary judgment is warranted upon a showing that a plaintiff has no expert testimony to establish the essential elements of a products liability claim.  *See, e.g., Burgett v. Troy-Bilt LLC*, 2013 U.S. Dist. LEXIS 128080, at *10-15 (E.D. Ky. Sept. 9, 2013)(summary judgment was entered for lawn mower manufacturer where the plaintiff had no expert testimony that the design of the mower was unreasonably dangerous or that the alleged design defect caused the plaintiff's injuries: "To eliminate alternative causes, the jury would have to answer tricky electrical engineering and biomechanical questions – questions far beyond the ken of ordinary persons."); *Hall*, 764 F. Supp. 2d at 1302; *Hughes*, 2010

U.S. Dist. LEXIS 47062 , at *32-33; *Guarascio,* 582 F. Supp. 2d at 463–65; *McCreless,* 500 F.
Supp. 2d at 1358-59; *Savage v. Danek Medical, Inc.*, 31 F. Supp. 2d 980, 983 (M.D. Fla.
1999)(the court granted summary judgment on products liability claims under Florida law based
on the plaintiff's failure to offer expert testimony that the bone screw device was defective);
*Humphreys,* 839 F. Supp. at 825. *Cf. Cruz v. United States*, 2013 U.S. Dist. LEXIS 13260, at
*10 (S.D. Fla. Jan 31, 2013)(defendant was entitled to summary judgment in medical
malpractice case where plaintiff failed to disclose an expert to establish the standard of care and
causation).

Summary judgment for Johnson Controls is squarely supported by *Humphreys*, 839 F.
Supp. 822, in which the plaintiff asserted products liability claims against General Motors based
on an allegedly defective seat back locking device.  Although Humphreys belatedly disclosed an
accident reconstructionist, she did not submit any expert reports supporting the existence of a
defect or causation. *Id.*, 839 F. Supp. at 824.   General Motors moved for summary judgment on
the ground that Humphreys had no expert to testify about a defect or causation. *Id.*  The federal
court rejected Humphreys' threshold argument that General Motors had to present "positive
evidence" to support its motion, ruling that the defendant satisfied its burden by showing that the
record contained no evidence supporting the essential elements of Humphreys' claims  -- which
is "a legitimate method of demonstrating there are no genuine issues regarding Plaintiff's claims
under strict liability and negligence." *Id.* at 825.  As the court put it, "Plaintiffs seek improperly
to place the burden on Defendant to affirmatively disprove the elements of Plaintiffs' cause of
action." *Id.*  The *Humphreys* court held that the plaintiff needed an expert to testify as to the
existence of a defect: "Proving the defect requires relating the force of the collision, the design
and construction of the device, and occupant kinematics." *Id.* at 827.  Absent expert testimony

regarding the existence of a defect and proximate causation, the plaintiff's claims against General

Motors could not withstand summary judgment, *id.* at 829:

> No matter what argument Plaintiffs rely upon, Defendant is entitled to summary judgment on the negligence claim. Regardless of the alleged duty owed by Defendant, Plaintiffs' negligence action is bottomed on the existence of a defect in the seat back locking device. As has been made abundantly clear by now, the record does not contain any evidence of a defect. If there is no defect, then Defendant has not negligently designed, tested or inspected the automobile. Furthermore, if there is no defect, then there is not any unforeseen danger. Thus, without any proof of a defect, Defendant cannot be said to have breached any duty towards Plaintiffs.

As in *Humphreys,* none of Plaintiff's claims in the instant case can withstand summary

judgment.  Without expert testimony, Plaintiff cannot prove the essential elements of any of her

products liability claims against Johnson Controls. As in *Humphreys,* Plaintiff has *no expert*

*testimony* establishing the existence of a defect in the subject lawn mower battery, *no expert*

*testimony* establishing an alternative feasible design, *no expert testimony* establishing that the

warning was inadequate, and *no expert testimony* establishing proximate causation.   As in

*Humphreys,* Johnson Controls "is permitted to rely on the complete absence of proof of an

essential element of Plaintiff's case to support its motion for final summary judgment."

*Humphreys,* 839 F. Supp. at 825.

In sum, there is no genuine issue of material fact and Johnson Controls is entitled to

summary judgment on Counts I, II and VI of the Amended Complaint because Plaintiff cannot

establish any claims in the absence of expert testimony.

## IV.  CONCLUSION

WHEREFORE, Defendant JOHNSON CONTROLS BATTERY GROUP, INC.

respectfully requests that its motion for summary judgment be granted as to Count I, II and VI of

the Amended Complaint and that the Court grant such other and further relief as deemed necessary and proper.

Respectfully submitted,

s/Michael J. Drahos
Michael J. Drahos
Fla. Bar No. 0617059
Email: mdrahos@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 2100
West Palm Beach, Florida 33401
Telephone:   (561) 802-9044
Facsimile:   (561) 802-9976

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2013, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Michael J. Drahos
Michael J. Drahos

FOWLER WHITE BURNETT P.A. • 901 PHILLIPS POINT WEST, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

## SERVICE LIST

CASE NO. 13-14051-CIV-MARTINEZ/LYNCH

Ms. Lisa Taylor
P.O. Box 203
Imperial, MO 63052
E-Mail: dtflorida@live.com
Telephone: (314) 459-5610
Served via U.S. Mail

FOWLER WHITE BURNETT P.A. • 901 PHILLIPS POINT WEST, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044