# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION

**Case No. 13-14051-CIV-MARTINEZ/LYNCH**

**LISA TAYLOR,**

**Plaintiff,**

  v.

**JOHNSON CONTROLS BATTERY GROUP, INC.**

**and**

**WAL-MART STORES, INC.**

**Defendants.**

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT JOHNSON CONTROLS BATTERY GROUP, INC. INTERROGATORIES

Plaintiff, LISA TAYLOR, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendant Johnson Controls Battery Group, Inc. (JCI) Request for Interrogatories as follows:

### PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and objections to Defendants interrogatory, Plaintiff does not waive, and hereby expressly reserves, her right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that it considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.



EXHIBIT
A

3. Plaintiff will produce responsive documents only to the extent that such documents are in the possession, custody, or control Plaintiff, as set forth in the Federal Rules of Civil Procedure. Plaintiff's possession, custody, or control does not include any constructive possession that may be conferred by Plaintiff's right or power to compel the production of documents or information from third parties or to request their production from a third party of any agencies of the United States.

4. A response to an interrogatory stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Plaintiff performed any of the acts described in the interrogatory, or definitions and/or instructions applicable to the interrogatory, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the interrogatory, or definitions and/or instructions applicable to the interrogatory.

5. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each document request and interrogatory that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to each instruction, definition, document request, and interrogatory to the extent that it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

4. Plaintiff objects to each instruction, definition, document request, and interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendant's own files or from documents or information in Defendant's possession. Responding to such requests and interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such requests and interrogatory is substantially the same or less for Defendant as for Plaintiff.

5. Defendant's interrogatories call for the production of documents and information that were produced to the Plaintiff by other entities and that may contain confidential, proprietary, or

sensitive matter. Any contents of these documents are to remain between the litigating parties, not disclosed publicly and sealed if admissible at trial. These documents and requests include, but are not limited to, Plaintiff's social security number, date of birth, past and present addresses, and medical records or conditions. Defendant is hereby placed on notice that the production of any and all document(s) and/or submissions herein are privileged and sensitive material and should not be made available publicly or submitted to any other entity or party without express written permission of the Plaintiff, Lisa Taylor.

6. To the extent any of Defendant's interrogatory seek documents or answers that include expert material, including but not limited to survey materials, Plaintiff objects to any such requests and interrogatory as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

7. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive its right to amend its responses.

8. Plaintiff objects to, and will not provide answer for, each interrogatory question numbered 23-30 on Defendant's interrogatory questions. The allowable number of questions, including their sub-parts, are limited to 25 pursuant to the rules for specific requests for interrogatories and documents. Question number 2 on the interrogatories has a main question and three sub-parts. Collectively, the sub-parts account for an additional three questions and shall be treated as such for the answers provided by Plaintiff.

Subject to and without waiver of the foregoing objections, Plaintiff will produce the documents responsive to this request that have not already been produced and are not protected by the privileges listed above.

### PLAINTIFF'S OBJECTIONS AND ANSWERS TO INTERROGATORIES

INTERROGATORY NO.1:
**List the names, business addresses, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten years.**

OBJECTION TO INTERROGATORY NO.1:
Plaintiff objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence, as Plaintiff is not seeking any damages for lost wages, benefits, or earning capacity in the past or future.

INTERROGATORY NO. 2:
**Please state the following background information:**
   **a.** **Please list all former names and when you were known by these names.**
   **b.** **State all addresses where you have lived for the past ten years and the dates you lived at each address.**
   **c.** **Your social security number.**
   **d.** **Your date of birth.**

OBJECTION TO INTERROGATORY NO.2 and SUB-PARTS A-D:
Plaintiff objects to answering this set of questions as one question, as the question is divided in form, by sub-parts a-d.   Plaintiff will answer all sub-parts as one question for each sub-part, rendering 4 answers.

*ANSWER TO INTERROGATORY NO.2 AND EACH SUB-PART THEREOF:*
   *A)  Maiden name Lisa Milner*
   *B)  4611 S Hwy US1 Lot21 Ft. Pierce, Fl. 34982 present*
   *740 Hwy WW St Clair, MO 63077 2012-13*
   *510 SE Cliff Rd Port St Lucie, Fl. 34953 2011-2012*
   *Traveled the country in motorhome 2009-2011*
   *1774 SW Ruiz Ter. Port St Lucie, Fl. 34984 2008-2009*
   *372 Saline Rd Fenton, Mo 63026 2005-2008*
   *427 Cool Valley Dr. Fenton, MO 63026 1998-2005*
   *C)  XXX-XX-0508*
   *D)  09/23/1965*

*ANSWER TO INTERROGATORY NO.3:*
*Plaintiff objects to this request because the FRCP of Evidence provides that evidence concerning a criminal conviction in a civil case cannot be introduced into evidence unless the crime was punishable by death or imprisonment in excess of one year.   And that the Court determine that the probative value of admitting that evidence outweighs its prejudicial effect to plaintiff and that the conviction involved dishonesty or false statement. There is a time limit in that a criminal conviction is not admissible if a period of more than 10 years has elapsed since the date of conviction. The defendant's request does not meet this test.   Without waiving my objection, I was arrested 25 years ago for passing bad checks of which I pleaded guilty with the Alfred Plea.*

*ANSWER TO INTERROGATORY NO.4 DIVIDED INTO TWO SEPARATE ANSWERS:*
*First answer: I possessed physical and mental disabilities at the time of the incident.   My disabilities were results of injuries previously sustained.*
*Second answer: I did NOT consume any alcohol or drugs within twelve hours of the incident.*

*ANSWER TO INTERROGATORY NO.5:*

*August 4, 2011 defective battery boiled over while in my car back floorboard, drove to Wal-Mart #3527, requested help from Mgmt.   Filed report for property damage, Wal-Mart employees took photos, removed battery from my car, returned battery to my car, poured baking soda on battery and sent me away. I was overcome by fumes after the baking soda was poured onto battery.*

*I rolled down car windows and did not touch battery to avoid injury.   Requested help from Wal-Mart professionals to avoid injury.*

*ANSWER TO INTERROGATORY NO.6:*
*To return defective battery to store.*

*ANSWER TO INTERROGATORY NO.7:*
*Sustained permanent injuries from over inhalation of sulfuric acid.   Sulfuric acid burns to the larynx and lungs, pleurisy, dyspnea, intermittent loss of voice, and diminished sense of smell.*

*ANSWER TO INTERROGATORY NO.8:*
*None.   Injuries are permanent and there is no expected recovery for injuries sustained.*

*ANSWER TO INTERROGATORY NO.9:*
*Breathing difficulties, shortness of breath, and intermittent loss of voice, trouble swallowing, and diminished sense of smell.*

*ANSWER TO INTERROGATORY NO.10:*
*No.*

*ANSWER TO INTERROGATORY NO.11:*
*Plaintiff has already provided list of medical expenses to opposing counsel.   Medical treatment is to continue for the duration of Plaintiff's longevity and monthly medications are obtained by Plaintiff relating to injuries.*

*ANSWER TO INTERROGATORY NO.12:*
*No.*

*ANSWER TO INTERROGATORY NO.13:*
*Opposing Counsel is in possession of medical bills and the amounts paid by Plaintiff's medical insurance carrier, and herself.   The only outstanding bills are for the ambulance and the deductibles for the ER visit.*

*INTERROGATORY NO. 14:*

**List the names, business addresses and dates of each health care provider who has treated or examined you, and each facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.**

*OBJECTION TO INTERROGATORY NO.14:*

*Plaintiff will not produce such requests without specific stipulation and common agreement of parties hereto. Requested information is protected under Plaintiff's rights of privacy and an order of protection shall be enforced prior to Plaintiff consenting to the production of these documents. Without waiving my objection, the list of my providers is:*

*Dr. Carol Robinson   St Louis, Mo*
*Dr. Mona Fahkry      Port St Lucie, Fl*
*Dr. Bambi Petronic Port St Lucie, Fl*
*St Lucie Hospital   Port St Lucie, Fl*
*Martin Memorial Hospital Port St Lucie, Fl*
*St Lucie Ambulance   Port St Lucie, Fl*

*ANSWER TO INTERROGATORY NO.15:*
*No. Disability rating has not been requested for the injuries.*

*ANSWER TO INTERROGATORY NO.16:*
*Darrel Taylor PO Box 203 Imperial, MO 63052 636-209-7629*
*Steve Malpass 1755 SW Ruiz Ter. Port St Lucie, Fl. 34953 772-418-3775*
*Wal-Mart workers John Doe1 and John Doe2*
*Investigation of witnesses, etc. is ongoing and will produce more entities in the future.*

*INTERROGATORY NO. 17:*

**List the names, business addresses and business telephone numbers of any and all medical doctors, hospitals, physicians, chiropractors, therapists, medical personnel and/or health care providers by whom, and any and all hospitals, clinics, medical facilities and/or medical centers at which you have been examined and/or treated for any illnesses or injuries unrelated to this incident for the last ten (10) years and list the nature of the illness or injury treated by each doctor, etc. and the dates of the treatment.**

*OBJECTION TO INTERROGATORY NO.17:*

*Plaintiff will not produce such requests without specific stipulation and common agreement of parties hereto.   Requested information is protected under Plaintiff's rights of privacy and an order of protection shall be enforced prior to Plaintiff consenting to the production of these documents.   Withstanding my objection my providers have been:*
*All providers listed in Question No. 14 plus*
*Dr. David Kennedy   St. Louis, Mo*
*Dr. Max Benzaquen St. Louis, Mo*
*St. Lukes Hospital St. Louis, Mo*
*Barnes Jewish Hospital St. Louis, MO*
*Missouri Baptist Hosptial St. Louis, Mo*
*Dr. Raziya Mallya St. Louis, Mo*
*Dr. Karen Miller St. Louis, Mo*

<u>*ANSWER TO INTERROGATORY NO.18:*</u>
*Wal-Mart employees John Doe1 and John Doe2 completed report and took pictures at the scene, CMI investigated the incident on behalf of Wal-Mart.*
*Johnson Controls Battery Group, Inc. investigated the incident and performed testing on the battery in question.*

<u>*ANSWER TO INTERROGATORY NO.19:*</u>
*Defendant Wal-Mart is in possession of video surveillance, pictures and reports of the incident in question.*
*Defendant Johnson Controls is in possession of testing results from battery in question, copies of requested documents sent by Plaintiff to Joan Durr, and findings and reports compiled within their files.*
*CMI is in possession of photos of Plaintiff's vehicle and battery boil over, reports and statements from Wal-Mart employees, findings and reports compiled from Johnson Controls, and findings and reports compiled from their own files.*
*Plaintiff is in possession of battery in question and the tool her husband used to install the battery, the model number and a product description of the lawn mower.*

<u>*ANSWER TO INTERROGATORY NO.20:*</u>
*Plaintiff's investigation and trial preparation is ongoing at this time and expert witnesses will be identified as they are obtained.*

<u>*ANSWER TO INTERROGATORY NO.21:*</u>
*No.*

*INTERROGATORY NO. 22:*

**Please state if you have ever been a party, either Plaintiff or defendant, in a lawsuit, or ever made a claim for personal injuries, either out of court, or through worker's compensation or any other proceedings, and if so, state with respect to each claim or lawsuit the nature of the proceedings, the nature of the injury involved, the date of injury occurred and the name and address of the Defendant or other person against whom the claim was made.**

*OBJECTION TO INTERROGATORY NO. 22:*

*Defendant has failed to show a compelling need for this discovery. Plaintiff objects to defendants' wholesale request pertaining to the plaintiff. The discovery rules do not permit a general production of plaintiff's involvement in any lawsuit as this constitutes nothing more than a "fishing" expedition and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant's request is too general and comprehensive to be allowed by law. Withstanding my objection I was a Defendant in a civil suit in 2005 in St. Louis, Mo, a Plaintiff in a premises liability case in St. Louis, Mo in 2005, and a Plaintiff in a work comp case in St. Louis, Mo. In 2005.*

## CERTIFICATION

    I, Lisa Taylor, Plaintiff in this case, do hereby certify, all answers and production of any and all documents herein are true, to the best of my recollection, and fully divulged.  In the event, additional information becomes available or Plaintiff recalls additional information, the information will be presented to Defendants promptly, without further request form Defendant. I further attest any information obtained from third parties is in the original forms presented to Plaintiff with no alterations. Plaintiff's extent of certification of third party documents or information cannot be extended beyond this attestment.  Signed this 12th day of September, 2013.

All contents of this Request for Production has been hand delivered to Michael Drahos, counsel for the Defendant's, at 901 Phillips Point West 777 South Flagler Dr. West Palm Beach, Fl. 33401, this   16th   day of September, 2013.

LISA TAYLOR, *pro se litigant*