UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14051-CIV-MARTINEZ/LYNCH

LISA TAYLOR,

     Plaintiff,

v.



FILED by _ll_ D.C.

JAN 1 3 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

JOHNSON CONTROLS BATTERY GROUP, INC.
AND WAL-MART, INC., a/k/a
WAL-MART SUPERCENTER STORE #3527,

     Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS DUE TO SPOLIATION (DE 67) AND MOTION FOR COURT TO ISSUE EMERGENCY SUBPOENA (DE 76)

**THIS CAUSE** comes before this Court upon the above Motions. Having reviewed the Motion for Sanctions and its Response, noting that no Reply was filed and having reviewed the related Motion for Court to Issue Emergency Subpoena without awaiting a Response, this Court finds as follows:

1. The Plaintiff seeks relief from the Defendants, to summarize her claims, for a defective battery and negligent handling of that battery by the battery's retailer. The discovery issues raised in the instant Motions concern the Defendant retailer's actions in handling the defective battery when the Plaintiff came to the store seeking assistance. The Plaintiff alleges that one such action that the Defendant

retailer took was to ask her to bring the defective battery back for a second inspection and to take a second set of photographs.

2.    During the discovery stage of the litigation, the Defendant retailer, Wal-Mart, produced only one set of photographs, taken by its employees during the Plaintiff's first return trip to the store. The Defendant has consistently maintained that these are the only photographs that were taken and has denied the existence of the alleged second set of photographs. Defendant Wal-Mart furthers that its "bag and tag" policy was followed when it gave the defective battery back to the Plaintiff. The Plaintiff denies this as well, alleging that the Defendant simply poured baking soda over it and the rear floorboard of her car.

3.    Thus the instant Motions concern this purported second set of photographs. They also concern surveillance video which the Plaintiff believes would show how the Defendant's employees handled the battery. The Defendant denies the continued existence of any such video, explaining that it automatically was "taped over" after 60 days. For instant purposes, this Court assumes that the purported evidence in dispute here is relevant and material to the Plaintiff's claims for relief (a point which the Defendant contests).

4.    Defendant Wal-Mart counters that the Plaintiff fails to meet the standard for an adverse inference. The Defendant

relies on Florida case law for the standard for an adverse spoliation inference. However, as explained in Hall v. Sunjoy Indus. Group, Inc., 764 F.Supp.2d 1297 (M.D.Fla. 2011), a case cited by the Defendants in the summary judgment-related pleadings, it is federal, not Florida, law that "governs the imposition of sanctions for spoliation of evidence." That federal standard requires a finding of bad faith to make an adverse inference. Id. at 1305. Based on the arguments presented in the pleadings related to the instant Motion for Sanctions, this Court finds no bad faith here.

5.    The Plaintiff and Defendant Wal-Mart take absolute divergent positions on whether a second set of photographs were taken. Indeed it was Defendant Wal-Mart's denial of these photographs that caused the Plaintiff to seek spoliation relief. It was the affidavits of the Defendant's employees that the Defendant attached to its Response (DE 74) wherein they deny taking a second set of photographs or even calling the Plaintiff's husband to ask her to return to the store that caused the Plaintiff to seek emergency discovery relief. In that emergency Motion, the Plaintiff seeks those two employees' telephone records to confirm that the Plaintiff or her husband in fact was called.

6.    This Court sees no per se bad faith implied by the Defendant's denial of the existence of evidence. A party cannot

be forced to produce an item of evidence that truly does not exist or otherwise is unobtainable. Nor does this Court see per se bad faith implied by the parties' two competing versions of the event. Further undermining the Plaintiff's claim of bad faith is the fact that she did not pursue the subject of the second set of photographs or the surveillance tape during the discovery stage of this case. For example, the Plaintiff deposed neither of the two employees.

7.   Nor does this Court find bad faith regarding the surveillance video. The events at the store regarding the battery occurred on August 4, 2011. The Plaintiff filed her Complaint on February 4, 2013. The Plaintiff does not contend that Defendant Wal-Mart had any reason to preserve the surveillance video, much less had notice of the Plaintiff's grievance generally, during the 60-day period after the event.

8.   This Court finds no bad faith and thus no basis to warrant an adverse spoliation inference. However the parties remain free to present their competing versions of the events to the fact-finder.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Sanctions against Defendant Wal-Mart due to Spoliation of Evidence (DE 67) is **DENIED**. The Plaintiff's Motion for Court to

Issue Emergency Subpoena for Phone Records (DE 76) is **DENIED**.

The period for discovery already has closed.

    **DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of January, 2014.

                                           FRANK J. LYNCH, JR.
                                         UNITED STATES MAGISTRATE JUDGE

cc:  Lisa Taylor, pro se
     Helaine S. Goodner, Esq.